IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD C. BUTLER,

        Plaintiff,

vs.                                    Case No. 19-3179-SAC

LAURA K. KELLY,

        Defendant.

**O R D E R**

This case is before the court for the purpose of screening plaintiff's pro se complaint and supplemental materials. Doc. Nos. 1, 5 and 8. The court proceeds pursuant to 28 U.S.C. § 1915.

I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

II. Screening standards

Title 28 United State Code Section 1915(e)(2)(B)(ii) permits the court at any time to consider whether a complaint filed in forma pauperis fails to state a claim on which relief may be granted. When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court, however, will not accept broad allegations which lack sufficient detail to give fair notice of what plaintiff's claims are. See Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1250 (10th Cir. 2008).

III. The complaint

Plaintiff broadly alleges "slander/libel/defamation of character." Doc. No. 1, p. 1. He also claims a denial of equal protection as set out by the Fourteenth Amendment. Id. at p. 3. He indicates that defendant has accused him of "heinous and fraudulent charges." Id. at p. 2. After examining the exhibits to the complaint and the supplemental materials plaintiff has filed, it appears that the "heinous charges" are related to state court criminal charges of sexual assault upon which plaintiff is incarcerated and facing trial. Plaintiff also asserts that defendant accessed his personal bank account to pay bills without his permission. He does not indicate how this amounts to slander, libel, defamation of character, or the denial of his right to equal protection of the laws. Plaintiff seeks monetary damages.

IV. Plaintiff does not state a claim for a § 1983 action.

Plaintiff has written his complaint on forms for filing an action under 42 U.S.C. § 1983. Section 1983 provides that a person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." A person acting under color of state law is a state government official or person who acts under the authority of state law or a private person whose conduct is fairly attributable to the State.

See Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000). Plaintiff does not allege facts showing that defendant Kelly took action under the authority of state law or in a manner attributable to the State, which deprived plaintiff of his rights under the Constitution or federal law. See Schaffer v. Salt Lake City Corp., 814 F.3d 1151, 1157 (10th Cir. 2016)(furnishing information to law enforcement officers, without more, does not constitute joint action under color of state law); Carey v. Continental Airlines, Inc., 823 F.2d 1402, 1404 (10th Cir. 1987)(complaining to police officer about an individual's conduct does not constitute state action simply because the officer arrests the individual following questioning); Lee v. Town of Estes Park, 820 F.2d 1112, 1115 (10th Cir. 1987)(same).

In addition, plaintiff's allegations fall short of describing how the Constitution or federal law protects plaintiff's good name or reputation from damage. Siegert v. Gilley, 500 U.S. 226, 234 (1991)(defamation by itself is not a constitutional deprivation); Angel v. Torrance County Sheriff's Dept., 183 Fed.Appx. 707, 708 (10th Cir. 2006)(arrest on drug charges which were later dismissed does not support a § 1983 claim for defamation).

V. Plaintiff does not state a claim for denial of equal protection of the laws.

The Equal Protection Clause does not prohibit classifications; "it simply keeps governmental decisionmakers from

treating differently persons who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). Here, plaintiff is not suing a government decisionmaker. Nor does he allege facts demonstrating that he has been treated differently because of a suspect classification or that he is in all respects like persons the government has treated differently. His broad claims are insufficient to state a claim for a violation of his equal protection rights.

VI. Diversity jurisdiction

For the above-stated reasons, it does not appear that plaintiff has stated a plausible claim for relief arising from federal law over which the court would have jurisdiction pursuant to 28 U.S.C. § 1331.[1] Plaintiff may bring a state law cause of action, for instance for defamation, in federal district court pursuant to the diversity jurisdiction statute if he is a citizen of one state suing a citizen of another. 18 U.S.C. § 1332(a)(1). Plaintiff alleges in his complaint that he is a citizen of Missouri and that defendant Kelly is a citizen of Kansas. Doc. No. 1, p. 1. So, the court shall assume at this point that this court has diversity jurisdiction to consider a state law defamation claim.

---

[1] Section 1331 provides that federal district courts have jurisdiction over all civil actions arising under the Constitution, laws and treaties of the United States.

5

VII. Younger abstention

The Younger abstention doctrine requires a federal court to abstain from hearing a case when there are ongoing state judicial proceedings that implicate an important state interest, if a federal court judgment would interfere with the state proceedings. See Buck v. Myers, 244 Fed.Appx. 193, 197-98 (10th Cir. 2007); D.L. v. Unified School Dist. No. 497, 392 F.3d 1223, 1227-28 (10th Cir. 2004). Here, plaintiff alleges that defendant has falsely accused him of serious crimes for which he is being prosecuted in state court. Under these circumstances, a judgment in this court upon plaintiff's defamation claim could interfere with state judicial proceedings implicating an important state interest. See Scott v. Billings Police Dept., 2018 WL 4501086 *4 (D. Mont. 7/11/2018)(decision regarding defamation action would interfere with state criminal proceeding).

Under these circumstances, pursuant to the Younger abstention doctrine, the court should stay any action upon plaintiff's state law damages claims. See Allen v. Bd. of Educ., Unified Sch. Dist. 436, 68 F.3d 401, 403-04 (10th Cir. 1995).

VII. Conclusion

For the above-stated reasons, the court directs plaintiff to show cause by December 20, 2019 why his federal law claims under § 1983 should not be dismissed for failure to state a claim. The court further directs plaintiff to show cause by the same date why

the court should not stay any action upon his state law claims pending the outcome of his state criminal court proceedings.

**IT IS SO ORDERED.**

Dated this 22nd day of November, 2019, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge